## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2017 JAN 25  P 2: 09

CLERK'S OFFICE
AT GREENBELT

BY _____

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | |
| **v.** | * | **Crim. No. PJM 11-567** |
| | * | |
| | * | |
| **BARNELL BANKS**, | * | |
| | * | |
| Defendant | * | |

### MEMORANDUM OPINION

Barnell Banks, *pro se*, has filed a Motion to Reduce Sentence (ECF No. 473) pursuant to 18 U.S.C. § 3582(c)(2), relying on Amendment 782 to U.S. Sentencing Guideline, which the Government opposes. For the reasons that follow, the Court will **DENY** the Motion.

**I.**

On August 15, 2013, Banks entered into a Plea Agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), pleading guilty to conspiracy to possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846. Plea Agreement ¶ 1, ECF No. 363. In the Plea Agreement, Banks and the Government "stipulate[d] and agree[d] pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of 96 months is the appropriate disposition of this case." *Id.* ¶ 10. The Plea Agreement did not include the advisory guideline range for Banks. *Id.* ¶¶ 6-9. Banks' presentence investigative report states, "[t]here is a written Plea Agreement in this case, pursuant to Federal Rule of Criminal Procedures Rule11(c)(1)(C)" and "[t]he parties have agreed that a sentence of 96 months is the appropriate disposition in this case." ECF No. 380, ¶¶ 4, 101.

1

On October 17, 2013, Banks appeared before Judge Alexander Williams Jr. for sentencing. ECF No. 382. At the hearing, Judge Williams accepted Banks' Rule 11(c)(1)(C) Plea Agreement stating, "I will now give you the 96 months that you bargained for . . . under the (11)(c) plea." *Id.* Accordingly, the Court sentenced Banks to 96 months imprisonment (i.e., as it was bound to do after accepting the Rule 11(c)(1)(C) Plea Agreement). *Id.*; Judgment and Commitment Order 2, ECF No. 383. The Court also imposed a four year term of supervised release and a $100 special assessment. Judgment and Commitment Order 3, 5. The Court further clarified that Banks was sentenced to a term outside (below) the advisory guideline range as a result of the binding Plea Agreement. *See* Statement of Reasons 2-3, ECF No. 384.

On October 10, 2015, Banks filed a *pro se* Motion to Reduce Sentence under 18 U.S.C. § 3582(c) pursuant to Amendment 782 of the Sentencing Guidelines. ECF No. 473. The Government opposes the Motion, asserting that Banks is not eligible for a sentence reduction because his Rule 11(c)(1)(C) plea was not based upon a specified drug quantity Guidelines range. ECF No. 513.

## II.

Under 18 U.S.C. § 3582(c), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may file a motion asking the Court to reduce his or her sentence. The Court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3582(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Amendment 782 of the United States Sentencing Guidelines, which became effective November 1, 2014, reduced the base offense levels in the Advisory Guidelines under § 2D1.1 for cocaine

2

base offenses by 2 levels. The Sentencing Commission provided that Amendment 782 would apply retroactively. U.S.S.G. §§ 1B1.10(d), (e)(1).

Yet, a criminal defendant convicted of a cocaine-related offense is not always eligible for retroactive reduction of his sentence under 18 U.S.C. § 3582(c) and U.S.S.G. Amendment 782. In *Freeman v. United States*, 564 U.S. 522 (2011), the Supreme Court addressed whether a defendant convicted of cocaine-related offense and sentenced pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement[1] is eligible for § 3582(c) relief. According to Justice Sotomayor's concurring opinion in *Freeman* – the Supreme Court's holding in the fragmented, plurality decision, *see United States v. Brown*, 653 F.3d 337, 340 (4th Cir. 2011) – when a defendant pleads guilty pursuant to a Rule 11(c)(1)(C) plea agreement, his or her eligibility for § 3582(c) relief is contingent upon the role of the defendant's advisory Guidelines range in the agreement. *Freeman*, 564 U.S. 537-41 (Sotomayor, J., concurring). As Justice Sotomayor reasoned, a sentenced imposed pursuant to a Rule 11(c)(1)(C) plea is based on the agreement itself, not the sentencing judge's independent calculation of the Sentencing Guidelines range. *Id.* at 535-36. For that reason, the stipulated sentence in a Rule 11(c)(1)(C) agreement would not ordinarily be eligible for reduction pursuant to 18 U.S.C. § 3582(c). *See id.* at 534-38;

---

[1] Federal Rule of Criminal Procedure 11(c)(1)(C) provides:

> c) Plea Agreement Procedure.
>
> > (1) In General. An attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. The court must not participate in these discussions. If the defendant pleads guilty or nolo contendere to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will:
> >
> > [...]
> >
> > > (C) agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request *binds the court once the court accepts the plea agreement*).

(emphasis added). A court is bound to impose the sentence agreed to by the parties if it accepts an agreement made under this Rule.

*see also Brown*, 653 F.3d at 339 ("Justice Sotomayor agreed with the dissent that a sentenced imposed pursuant to a Rule 11(c)(1)(C) plea is based on the agreement and, therefore, § 3582(c) relief is usually not available.").

However, a defendant sentenced under a Rule 11(c)(1)(C) agreement is not categorically barred from § 3582(c) relief. Rather, as Justice Sotomayor explained, that defendant can demonstrate that his or her sentence was "based on" a Guidelines range – and thus that he or she is eligible for § 3582(c) relief – if either of the following exceptions applies: (1) the plea agreement "call[s] for the defendant to be sentenced within a particular Guidelines sentencing range," or (2) the plea agreement "provide[s] for a specific term of imprisonment . . . but also make[s] clear that the basis for the specified term is a Guidelines sentence range applicable to the offense" of conviction, provided that "the sentencing range is evident from the agreement itself." *Freeman*, 564 U.S. at 538-39 (Sotomayor, J., concurring); *see also United States v. Frazier*, 531 Fed. App'x 308, 309-10 (4th Cir. 2013) (delineating the two exceptions to Sotomayor's general rule that an 11(c)(1)(C) plea is not eligible for § 3582(c)(2) reduction).

Any inquiry into whether one of these two exceptions applies must look to the language of the plea agreement itself. Accordingly, the analysis should not be based on the sentencing judge's decision about whether to adopt the agreement in reference to the Guidelines range. *See Freeman*, 564 U.S. at 536. (Sotomayor, J., concurring) (noting that the "term of imprisonment imposed by the sentencing judge [in a Rule 11(c)(1)(C) plea] is dictated by the terms of the agreement entered into by the parties, not the judge's Guideline calculation"); *see also Brown*, 653 F.3d at 340 ("The fact that the district court consulted the Guidelines in establishing [the defendant's] sentence is irrelevant."). Nor should it be based on the "background negotiations" that may or may not have used a defendant's advisory Guidelines as a point of reference.

4

*Freeman*, 564 U.S. at 537-38 (Sotomayor, J., concurring) ("[T]he mere fact that the parties to a [Rule 11(c)(1)(C)] agreement may have considered the Guidelines in the course of their negotiations does not empower the court under § 3582(c)(2) to reduce the term of imprisonment they ultimately agreed upon.").

### III.

Banks asserts that he is eligible for § 3582(c) relief because the "'drugs minus two' provision of the [U.S.S.G.] . . . was recently  made retroactive and now applies to [his] sentence." Def.'s Mot. Reduce Sentence, ECF No. 473. The Government, however, argues that Banks is not eligible for any sentence reduction. According to the Government, Banks' Rule 11(c)(1)(C) Plea Agreement stipulated a specific term of confinement of 96 months which was not based on a specified drug quantity range. Gov't Resp. Opp'n 2-3, ECF No. 513.

The Court agrees with the Government.

Under *Freeman*, as explained above, a defendant who pleads guilty under a Rule 11(c)(1)(C) plea agreement, like Banks, is not ordinarily eligible for § 3582(c) relief unless the stipulated sentence falls within one of two narrowly defined exceptions: (1) the plea agreement itself calls for the defendant to be sentenced within a particular Guidelines range, or (2) the plea agreement makes clear that the basis for the specified term is a Guidelines range. *See Freeman*, 564 U.S. at 538-39 (Sotomayor, J., concurring). Scrutinizing the language of Banks' Rule 11(c)(1)(C) Plea Agreement, the Court concludes that neither of the two exceptions applies here.

First, Banks' Plea Agreement clearly does not call for Banks to be sentenced within a particular Guidelines range. *See id.* Rather, the parties "stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of 96 months is the appropriate disposition of this case." Plea Agreement ¶ 10.

5

Second, Banks' Plea Agreement does not "make *clear* that the basis for the specified term is a Guidelines sentence range applicable to the offense of conviction." *See* 564 U.S. at 539 (Sotomayor, J., concurring) (emphasis added). In *Freeman*, Justice Sotomayor held that the defendant's plea agreement fell under this exception because the Agreement itself stated that the defendant "agrees to have his sentence determined pursuant to the Sentencing Guidelines," and then provided for a sentence term that was clearly based on the low-end of that range. *Id.* 542-43. Here, although the Plea Agreement does include an "Advisory Guidelines" section, in which Banks' Offense Level is noted, the Agreement itself does *not* include the actual corresponding range. *See* Plea Agreement ¶¶ 6-7. As a result, it is far from evident that the parties were using that range as a basis for the stipulated sentence.

Moreover, even if the range itself were included in the Agreement, the actual sentence the parties agreed upon – 96 months – is clearly outside that range. *See* Plea Agreement ¶ 10. Given Banks' criminal history category of IV and offense level of 28, Banks' Guidelines range of imprisonment would have been 110 to 137 months, as the Court determined at the sentencing hearing. ECF No. 382. Comparing this range to the stipulated sentence in Banks' Rule 11(c)(1)(C) Plea Agreement, it is certainly not "clear that the basis" for the 96-month term was the 110 to 137-month Guidelines range applicable to Banks' offense to which he pleaded guilty.[2] *See Freeman*, 564 U.S. at 539 (Sotomayor, J., concurring); *see also Frazier*, 531 Fed. App'x at 310 (holding that an 11(c)(1)(C) plea agreement was not eligible for reduction when the

---

[2] In a footnote in *Freeman*, Justice Sotomayor addresses a hypothetical situation in which a Rule 11(c)(1)(C) plea agreement calls for a defendant to be sentenced below the advisory Guidelines range for that defendant. *Id.* at 543 n.9. This type of plea agreement might still be eligible for reduction under § 3582(c) if the agreement itself made clear that the final imprisonment figure was arrived at by subtracting a set percentage of months – e.g., 50 percent – off the low end of the applicable sentencing range. *Id.* Banks' Plea Agreement is not akin to this hypothetical scenario, however: it is certainly not clear that the sentence the parties negotiated, 96 months, was arrived at by taking a certain percentage off the low end of Banks' Guideline range, 110 months.

agreement did "not make clear that the specified term is a Guideline sentencing range applicable to the sentence of conviction").

As neither *Freeman* exception applies, the Court concludes an advisory Guidelines range for a cocaine offense did not form the basis for the stipulated sentence in Banks' Rule 11(c)(1)(C) Plea Agreement. For this reason, Banks is not eligible for 18 U.S.C. § 3582(c) relief and his Motion to Reduce Sentence (ECF No. 473) is **DENIED**.

A separate Order will **ISSUE**.

/s/

**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

January 25, 2017